UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSE MARIE DAVIS, #79345                                              CIVIL ACTION

VERSUS                                                                NO. 05-5524

JOHNNIE JONES, ET AL.                                                 SECTION C

ORDER AND REASONS

Before this Court is a petition for habeas corpus relief by Ms. Rose Marie Davis ("Petitioner"), pursuant to 28 U.S.C. § 2254. As grounds for relief, Petitioner claims that her rights were violated when the trial court lacked jurisdiction over her criminal proceedings because the conviction stems from an unlawful indictment by an unconstitutionally empaneled grand jury. Specifically, Petitioner argues that her indictment and conviction are unlawful because the Louisiana Supreme Court declared the statutes governing the issuance of her indictment unconstitutional in *State v. Dilosa*, 848 So.2d 546 (La. 2003).[1]

The Court notes that a majority of the state record is unavailable due to complications resulting from Hurricane Katrina.[2] The Court finds that Petitioner's argument is legal in nature,

---

[1] Although Petitioner states two separate claims in her petition, this Court finds that they stem from the same argument. Fed. Rec. Doc. 3, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody at 11, 16, *Davis v. Jones*, No. 05-5524 (Jan. 23. 2006).

[2] Fed. Rec. Doc. 4 at 1-2.

and, therefore, does not find a need for the missing portions of the record before issuing it's judgment. Upon a thorough review of the record, the memoranda, and the applicable law, the Court has determined that Petitioner's habeas corpus petition is untimely. For the reasons set forth below, this petition is DENIED.

**I. Background**

Petitioner, Ms. Rose Marie Davis, is a state prisoner at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.[3] Ms. Davis was convicted in the Criminal District Court in the Parish of Orleans of second degree murder in violation of La. R.S. 14:30.1, and was sentenced on April 1, 1975 to life imprisonment.[4] Petitioner filed an application for state post-conviction relief on June 14, 2004,[5] which was denied on July 15, 2004 by the Orleans Parish Criminal District Court, stating that "the defendant has failed to make a showing that a contemporaneous objection was lodged."[6] Ms. Davis appealed the ruling to the Louisiana

---

[3] Fed. Rec. Doc. 3, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Davis v. Jones*, No. 05-5524 (Jan. 23. 2006). Although her formal application was not filed until January 23, 2006, this Court will treat December 2, 2005 as the date she filed her application for tolling purposes, as this was the date she filed an application to proceed in forma pauperis with this Court.

[4] State Rec., Vol. 1 of 1, Sentencing Order, *State v. Davis* (Apr. 1, 1975).

[5] State Rec., Vol. 1 of 1, Uniform Application for Post-Conviction Relief, *Davis v. Jones*, No. 244-716 (June 14, 2004).

[6] State Rec., Vol. 1 of 1, Denial of Uniform Application for Post-Conviction Relief, *Davis v. Jones*, No. 244-716 (July 15, 2004).

Supreme Court in November 2004.[7] Her application was denied on August 19, 2005.[8] She then filed this petition on December 2, 2005.[9]

## II. Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1)(a), a petitioner must normally first exhaust her remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of [her] claim to the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Because Ms. Davis has raised her claim in state court, this Court finds that her claim is exhausted.

## III. Timeliness

Generally speaking, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner bring her Section 2254 claims within one year of the date on which her conviction or sentence became final. 28 U.S.C. § 2244(d). Petitioners whose convictions were final prior to the enactment of AEDPA were given a one year grace period

---

[7] Ms. Davis stated that she received notification of the trial court's denial of her application on September 9, 2004, which explains why she did not file her appeal until November.

[8] State Rec., Vol. 1 of 1, Denied, *Davis v. Jones*, No. 2004-KH-2772 (July 15, 2004).

[9] Fed. Rec. Doc. 3, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Davis v. Jones*, No. 05-5524 (Jan. 23. 2006). Although her formal application was not filed until January 23, 2006, this Court will treat December 2, 2005 as the date she filed her application for tolling purposes, as this was the date she filed an application to proceed in forma pauperis with this Court. (Fed. Rec. Doc. 1.)

from April 24, 1996 to April 24, 1997 to file their federal habeas petitions. *Flanagan v. Johnson*, 154 F.3d 196, 201-202 (5th Cir. 1998). Thus, Ms. Davis had until April 24, 1997 to file her habeas petition. Petitioner filed her federal habeas petition on December 2, 2005, which is over eight years after the statute of limitations elapsed, and over thirty years after her conviction became final.[10]

Ms. Davis's federal petition is therefore untimely unless she can establish a basis for tolling the statute of limitations. Under 28 U.S.C. § 2244(d)(1)(C), Congress provided an exception to the rule that the limitations period commences at the finality of the state court conviction. Under 28 U.S.C. § 2244(d)(1)(C), the statute of limitations period commences on the date when "the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." "A case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government" *Peterson v. Cain*, 302 F.3d 508, 511 (5 Cir. 2002).

Petitioner argues that her conviction is unconstitutional because the Louisiana Supreme Court held the laws governing the issuance of her indictment were unconstitutional in *State v. Dilosa*, 848 So.2d 546 (La. 2003). Petitioner argues that the Louisiana State Supreme Court's holding announced a new constitutional right, and, thus, she qualifies for an exception to the statute of limitations. If Ms. Davis qualifies for this exception, the statute of limitations would have started running on June 27, 2003, the date of the court's decision in *Dilosa*.

---

[10] Aside from her state application for post-conviction relief on the same issue, Petitioner does not represent that she filed any other applications in either state or federal court since April 24, 1997, which would further toll the statute of limitations.

The Court must first address whether the holding of *Dilosa* constitutes a constitutional right newly recognized by the United States Supreme Court, such that Ms. Davis qualifies for the exception to the statute of limitations. In *Dilosa*, the Louisiana Supreme Court held La. C. Cr. P. arts. 412, 413, and 414 were unconstitutional local laws in violation of Article III, Sec. 12 of the Louisiana Constitution. Article III, Section 12 of the Louisiana Constitution provides that:

> "(A) Except as otherwise provided in this constitution, the legislature shall not pass a local or special law: . . . (3) Concerning any civil or criminal actions, including changing the venue in civil or criminal cases, or regulating the practice or jurisdiction of any court, or changing the rules of evidence in any judicial proceeding or inquiry before courts, or providing or changing methods for the collection of debts or the enforcement of judgments, or prescribing the effects of judicial sales."

Articles 412, 413, and 414 set forth a specific procedure for the selection of grand juries by Orleans Parish criminal courts. Ms. Davis does not argue that the grand jury selection was unconstitutional because of any discrimination in the grand jury process. Rather, that because they were unconstitutional local laws, her indictment was invalid, and the trial court had no jurisdiction over the proceedings.

The holding in *Dilosa* did not announce a new constitutional right under the United States Constitution. Rather, in *Dilosa*, a *state* supreme court applied a pre-existing *state* constitutional right to invalidate a state law. Ms. Davis has not established that the United States Supreme Court recognized a new constitutional right,[11] such that she is entitled to an exception to the statute of limitations. Ms. Davis has not argued any other basis for tolling the statute of

---

[11] Moreover, and aside from the timeliness issue, because the constitutional right described by Ms. Davis is a state constitutional right, this Court cannot grant Ms. Davis federal habeas relief. 28 U.S.C. 2241(c)(3); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (A petitioner can obtain federal relief only if he is in custody in violation of the Constitution or laws of the United States.).

limitations. For these reasons, the Court finds that Ms. Davis's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is not timely, and the Court must deny her petition.[12]

**V. Conclusion**

Having considered the complaint, the record, and the applicable law, it is determined that Petitioner has not established that her state conviction and sentence present grounds for the relief requested. Accordingly, IT IS ORDERED that the petition of ROSE MARIE DAVIS for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

New Orleans, Louisiana this 31st day of May, 2006.

HELEN G. BERRIGAN
U.S. DISTRICT JUDGE

---

[12] The Court notes that even if Ms. Davis was entitled to an exception, her petition would still be untimely. After June 27, 2003, 353 days elapsed before Ms. Davis filed a state application for post-conviction relief on June 14, 2004. *See Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2) (statute of limitations is tolled pending a decision on a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence). Between August 19, 2005, when the Louisiana Supreme Court denied her application, and December 2, 2005, when she filed this habeas petition, an additional 105 days elapsed. According to the record, Ms. Davis had no other pending applications during the 458 days that elapsed. Thus, even if Ms. Davis were to qualify for this exception, her application was still filed 93 days after the statute of limitations period elapsed.